### 22188. LEDFORD v. THE STATE.
### 22189. HALL v. THE STATE.

DUCKWORTH, Chief Justice. Several young unemployed men from Towns County entered into a conspiracy to commit a robbery as they returned home from Atlanta. The robbery was thereafter attempted, resulting in the death by shooting

of the victim by one of the conspirators. Upon the trial of the accused who actually did the shooting, he was convicted of murder without a recommendation for mercy, and the exception in his case is to the judgment overruling his motion for new trial, as amended. The other case involves a defendant who denied any agreement to conspire with the others to commit the robbery although there was conflicting evidence that he did conspire with the others. On the night of the crime he was seen in the car of one of the conspirators parked on the side of the road approximately three-quarters of a mile from the store which the conspirators intended to rob, by a witness, Youngblood, who had knowledge of the youths' intentions and drove up the road to talk the youths out of the attempted robbery, at which time the accused stated he had no intention of taking part in the crime. Thus the only evidence to connect the accused with the crime was his own admission to the investigating officers who testified against him and the testimony of witness Youngblood. He was tried and convicted of murder with a recommendation for mercy, and the exception in his case is to the judgment overruling his motion for new trial, as amended. *Held:*

1. The two special grounds of each amended motion are identical, and they complain because the trial judge failed, without a request, to charge that if the jury found the defendants guilty, they would be sentenced to death by electrocution unless the jury added to their verdict "and recommend that they be sentenced to life imprisonment." The judge charged that if added to the verdict of guilty, the jury recommend mercy, the sentence would be life imprisonment. This accords with the law, *Code* § 26-1005, where it is said, "Whenever a jury, in a capital case of homicide, shall find a verdict of guilty, with a recommendation of mercy, instead of a recommendation of imprisonment for life . . . such verdict shall be held to mean imprisonment for life." The charge conforms to the law and these special grounds are without merit.

2. The evidence amply supports the verdict of guilty and the general grounds are without merit. The court did not err in overruling the motions for new trial as amended.

*Judgments affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1963—DECIDED SEPTEMBER 18, 1963.

*Irwin R. Kimzey,* for plaintiffs in error.

*Ben F. Carr, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General, Jeff C. Wayne,* contra.